# United States Court of Appeals for the Fifth Circuit

No. 24-20572
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 13, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Quincy Lamon Moore,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:24-CR-182-1

_____

Before Higginbotham, Engelhardt, and Ramirez, *Circuit Judges*.

Per Curiam:*

Quincy Lamon Moore appeals the sentence imposed following his guilty plea conviction for possession of a firearm by a convicted felon. He argues that the district court abused its discretion by denying his motion for a continuance of the sentencing hearing.

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-20572

The district court did not abuse its discretion by denying a sentencing continuance. *See United States v. Stanford*, 805 F.3d 557, 567 (5th Cir. 2015). Moore's counsel filed a lengthy sentencing memorandum with supporting exhibits. Moore has not identified any specific mitigating evidence that he would have presented or that would have been included in letters from his wife, family, and friends if he had been granted a continuance. He has not shown "specific and compelling or serious prejudice" due to the denial of a sentencing continuance. *United States v. Ashley*, 128 F.4th 641, 654 (5th Cir. 2025). Based on the totality of the circumstances, the district court's denial of a continuance was not arbitrary or unreasonable. *See United States v. Boukamp*, 105 F.4th 717, 746 (5th Cir.), *cert. denied*, 145 S. Ct. 595 (2024); *see also United States v. Stalnaker*, 571 F.3d 428, 439 (5th Cir. 2009).

Moore also argues that the district court abused its discretion in denying his request to present his wife's testimony at sentencing. His sentencing memorandum stated that his wife purchased the firearm and kept it in a locked box to which he did not have access; supporting exhibits were attached. Because the district court had this information, Moore has not shown that the district court abused its discretion in not allowing his wife's testimony. *See United States v. Barnes*, 979 F.3d 283, 310-11 (5th Cir. 2020). Further, any error was harmless because Moore did not show that it affected the district court's choice of sentence. *See United States v. Martinez*, 131 F.4th 294, 322 (5th Cir. 2025).

Moreover, Moore has not shown that the district court's policy of not allowing witnesses to present mitigating evidence at sentencing was an abuse of discretion. *See Barnes*, 979 F.3d at 310-11. The district court did not state that it never allowed testimony to resolve factual disputes, but rather, that it did not allow witnesses to testify for other purposes. It also stated that it had read the letters and sentencing memorandum presented by Moore. Under these circumstances, the district court did not abuse its discretion. *See id.*

2

No. 24-20572

Finally, Moore argues the district court plainly erred in calculating his base offense level under U.S.S.G. § 2K2.1(a)(2). He asserts that his prior Texas conviction for aggravated robbery does not qualify as the enumerated crime of violence of robbery under U.S.S.G. § 4B1.2(a)(2) and therefore could not be used as a basis for the elevated offense level under § 2K2.1(a)(2). He correctly concedes his argument is foreclosed by *United States v. Wickware*, 143 F.4th 670, 674-75 (5th Cir. 2025), but states that he is raising it to preserve it for possible further review.

AFFIRMED.